IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| GLENN McCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-2612-B/V |
| | ) | |
| DONNA WHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER CORRECTING THE DOCKET
ORDER ASSESSING PARTIAL CIVIL FILING FEE
ORDER OF PARTIAL DISMISSAL
AND
ORDER TRANSFERRING CLAIMS AGAINST REMAINING DEFENDANTS

On September 21, 2007, Plaintiff Glenn McCray, Tennessee Department of Correction prisoner number 229243, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983. Plaintiff paid the five dollar ($5.00) habeas filing fee, although this is not a habeas petition. The Clerk shall record the defendants as the State of Tennessee[1] and DSNF Medical Director Donna White.[2]

---

[1] The Court construes Plaintiff's allegations against the "S.P.N.D. Hospital" as an attempt to assert a claim against the State of Tennessee. The Lois M. DeBerry Special Needs Facility ("DSNF") is a prison medical facility operated by the State of Tennessee.

[2] The case caption lists as an additional defendant, identified as "W.T.S.P. Medical Staff, Private Medical Home Office." No employee of the WTSP has been named, and service of process cannot be made on a fictitious party. Moreover, the filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitation against those parties. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Michigan Bell Telephone
(continued...)

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit containing a certification by the inmate trust fund officer and an inmate trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to

---

² (...continued)
Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, to the extent Plaintiff seeks to bring any complaint against any other individual or entity, he must identify the defendant and file a new lawsuit within the one-year statute of limitations applicable to § 1983 actions. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). The Court notes that the State of Tennessee, which operates the WTSP, is already named as a party.

2

withdraw all of the funds in Plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.[3]

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

   Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his

---

[3] As Plaintiff has already paid five dollars ($5.00), that amount should be deducted from the amount of the initial partial filing fee.

change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the WTSP to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II. <u>Analysis of Plaintiff's Claims</u>

The complaint alleges that McCray suffers from sickle cell anemia. He has had five (5) surgeries for unspecified reasons and, in 2005, he was scheduled for an operation that was not performed. Plaintiff also alleges that he requires knee replacement surgery, which Defendants have refused to authorize.

Defendants allegedly received a letter from a Dr. Turner, on an unspecified date, which put them on notice that Plaintiff needed specialized treatments for his sickle cell anemia that can only come from specialized facilities. Despite that letter, Defendant White and a Reclassification Coordinator, who is not a party to this action, had McCray transferred from the DNSF to the WTSP. As a result of the transfer, Plaintiff alleges his health has worsened and his pain is so severe he is unable to walk.

4

Plaintiff also alleges that Defendants have refused to provide him with a job enabling him to earn good time credits, in violation of Tennessee law. As a result, he claims to have lost the opportunity to earn four hundred twelve (412) days of sentence credit.

The inmate seeks the award of four hundred twelve (412) days of sentence credit and money damages in the amount of two million dollars ($2,000,000).

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Portions of Plaintiff's complaint are subject to dismissal.

McCray cannot sue the State of Tennessee under § 1983. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v. Michigan, 491 U.S. 58, 71 (1989). Therefore, the Court DISMISSES

5

Case 3:08-cv-00181   Document 4   Filed 01/14/08   Page 5 of 9 PageID #: 22

the complaint as to the State of Tennessee pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii) and 1915A(b)(1) & (2).

Plaintiff has no claim under 42 U.S.C. § 1983 because of the failure of any Defendant to provide him with a prison job, which would include the opportunity to earn sentence credit. "[T]he Constitution does not create a property or liberty interest in prison employment [and] any such interest must be created by state law by 'language of an unmistakably mandatory character.'" Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989) (quoting Ingram v. Papalia, 804 F.2d 595, 596-97 (10th Cir. 1986)) (additional citations omitted). The Sixth Circuit has consistently rejected claims by prisoners based on their loss of, or failure to be assigned to, a prison job. See, e.g., Shields v. Campbell, No. 03-5635, 2003 WL 22905312, at *1 (6th Cir. Nov. 26, 2003); Carter v. TDOC, 69 F. App'x 678, 680 (6th Cir. 2003); Jewell v. Leroux, 20 F. App'x 375, 377 (6th Cir. 2001); Dellis v. Corrections Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987).

In his complaint, McCray asserts that his right to placement in a prison job arises under state law. The two statutes he cites do not stand for that proposition and are, in any event, inapplicable to him. The first provision cited by Plaintiff, Tenn. Code Ann. § 41-2-144, is applicable only to inmates confined in county workhouses.[4] The other statute Plaintiff references, Tenn.

---

[4] Moreover, Tennessee law does not prohibit sheriffs from denying jobs to prisoners because of their medical conditions. Inmates may be excused from
(continued...)

6

Code Ann. § 41-11-104, says counties cannot deny privileges to inmates who fail to provide financial information. That law is inapplicable to Plaintiff, who is confined in a state penitentiary. Tenn. Code Ann. § 41-1-101(b). Pursuant to Tenn. Code Ann. § 41-21-207(a), "[a]ll persons sentenced to the penitentiary shall be kept at labor or at school <u>when in sufficient health</u>" (emphasis added). Inmates have no statutory right to sentence reduction credits. Tenn. Code Ann. § 41-21-236(a)(C). Therefore, Tennessee law does not create a liberty interest in a prison job or the ability to earn sentence credits.

Finally, even if Plaintiff had a right to earn sentence credits, an action pursuant to 42 U.S.C. § 1983 is not the proper vehicle for obtaining them. A petition for a writ of habeas corpus, whether under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, provides the exclusive remedy for a prisoner attacking the validity or length of his confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489, 500 (1973). Like the instant case, <u>Preiser</u> involved a deprivation of sentence credits. <u>Id.</u> at 476-77; <u>see also</u> <u>Murry v. Compton</u>, No. 90-5547, 1991 WL 11269, at *1 (6th Cir. Feb. 4, 1991); <u>Bearden v. Norris</u>, No. 88-6322, 1989 WL 61656, at *1 (6th Cir. June 9, 1989); <u>Massey v. Stringfield</u>, No. 86-6086, 1987 WL 38401, at *1 (6th Cir. Aug. 11, 1987).

---

[4] (...continued)
participation in mandatory work programs if, "in the opinion of a licensed physician or licensed medical professional, [they] should not perform the labor for medical reasons." Tenn. Code Ann. § 41-2-150.

7

The Court therefore DISMISSES the complaint, to the extent it seeks redress for the failure to provide Plaintiff with a prison job or sentence credits, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. <u>Transfer of Remaining Claim</u>

The sole claim remaining in this case, against Defendant White, alleges violations of the Eighth Amendment by failing to provide necessary medical care and for approving Plaintiff's transfer away from the DSNF.

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The only connection between the remaining claim and this district is the fact that Plaintiff is currently incarcerated here. This claim arose in Nashville, Tennessee, which is in the Nashville Division of the Middle District of Tennessee. 28 U.S.C. § 123(b)(1).

Twenty-eight U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

8

For the reasons stated, the action against Defendant White should have been brought in the United States District Court for the Middle District of Tennessee.

Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the Middle District of Tennessee, Nashville Division. The Court has not ordered the issuance of process for Defendant White, as that can more appropriately be supervised by the transferee court.

IT IS SO ORDERED this 14th day of January, 2008.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE